IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　*Plaintiff*,<br><br>v.<br><br>BRYSON NOEL MILLER,<br>　　　　*Defendant.* | Case No. 6:24-CR-00162-DCJ |

## MEMORANDUM RULING

Before the Court is a MOTION TO DISMISS (the "Motion") filed by the defendant, Bryson Miller ("Miller" or "Defendant"). [Doc. 31]. The Motion is opposed by the government. [Doc. 35]. For the reasons that follow, the Motion is DENIED.

### BACKGROUND

On October 9, 2024, a federal grand jury indicted Miller, a non-Indian, on one count of Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1152 for the December 23, 2020, killing of C.M., an enrolled member of the Choctaw Nation. [Doc. 21]. Specifically, the government alleges that Miller, then 15 years old, along with his girlfriend, Ashlie Martin, and her neighbor, Chad Voyles, acted in concert to kill Martin's two parents. Voyles and Martin have both pled guilty to related charges and await sentencing. Even though Miller was a juvenile at the time of offense, the government charged him with first-degree murder. The government then successfully moved to prosecute Miller as an adult, after which his case was presented to a federal grand jury in the Eastern District of Oklahoma for indictment. A jury trial is currently scheduled for December 3, 2024.

## LAW AND ANALYSIS

In his Motion, Defendant now moves to dismiss the indictment on grounds that the statutorily-prescribed penalties for first-degree murder – death or life imprisonment – are unconstitutional as applied to crimes committed by juveniles. The federal homicide statute charged by the government is found in 18 U.S.C. § 1111. That statute defines murder as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). Included in this definition are both first-degree murder and the lesser-included offense of second-degree murder, specifically:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

*Id.*

The penalties for both first-degree and second-degree murder are found in the same statute:

> Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life; and
>
> Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

18 U.S.C. § 1111(b).

Supreme Court precedent is unequivocal that both of the statutory penalties for first-degree murder – death or life imprisonment without parole – violate the Eighth Amendment's prohibition against cruel and unusual punishments when applied to juvenile offenders. *Roper v. Simmons*, 543 U.S. 551, 578, 125 S. Ct. 1183 (2005); *Miller v. Alabama*, 567 U.S. 460, 471, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012). And there is no question that this Court may not impose an unconstitutional sentence in this case – regardless of whether the statute charged by the government facially mandates it.

But this truism does not warrant dismissal of the Indictment. As recently noted by the Tenth Circuit, because a Court's imposition of any sentence in a pending case, "rel[ies] upon contingent future events that may not occur as anticipated, or indeed may not occur at all[ ], the issue of the constitutionality of [a defendant's] potential sentence is not ripe for review" until sentencing. *United States v. Doe*, 58 F.4th 1148, 1155 (10th Cir.) (internal citations omitted). For instance, "[Miller] could be acquitted, be convicted of second-degree murder, plea to a lesser-included offense, or even be convicted for first-degree murder but receive a lower sentence" for reasons such as cooperation with the government. *Id*. Therefore, as has been found in other circuits, the appropriate time to raise this important issue is at sentencing in the event Miller is convicted of first-degree murder. *See United States v. Bonilla-Romero*, 984 F.3d 414, 419 (5th Cir. 2020) (holding on appeal after the district court sentenced a juvenile offender to 460 months for first-degree murder that, because sentences of death and mandatory life without parole are unconstitutional as to juvenile offenders,

"all that remains of the punishment provision is a statutory maximum of life imprisonment. Where Congress only provides a statutory maximum, the district court has discretion to impose no penalty or any penalty up to that maximum.").

## CONCLUSION

Because the issue of the constitutionality of any potential sentence imposed on the Defendant is not yet ripe for review, Defendant's MOTION TO DISMISS [Doc. 31] is DENIED.

THUS, DONE AND SIGNED in chambers on this 14th day of November 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE